**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) DOREEN RUPERT, | ) |
| Plaintiff, | ) CIV-20-431-JD |
| vs. | ) |
| | ) COMPLAINT |
| (1) CREDIT CONTROL, LLC, | ) (Unlawful Debt Collection Practices) |
| Defendant. | ) JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, Doreen Rupert, and for her Complaint against Defendant, Credit Control, LLC, alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Credit Control, LLC for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Midwest City, County of Oklahoma, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and

sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Hazelwood, MO 63042.

10. Upon information and belief, Defendant uses interstate mail and makes telephone calls to consumers attempting to collect on defaulted consumer debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and.or insurers.

**FACTUAL ALLEGATIONS**

12. In June of 2019, Defendant contacted Plaintiff seeking and demanding payment for a defaulted, consumer debt, purportedly originally owed to Capital One, but long since time-barred, and past the statute of limitations.

13. On June 14, 2019, Plaintiff sent a certified letter to Defendant advising Defendant that she refused to pay the alleged debt pursuant to 15 U.S.C. §1692c(c).

14. Pursuant to 15 U.S.C. §1692c(c), after Defendant received Plaintiff's written notice, Defendant may not further communicate with Plaintiff regarding the debt, except only for limited purposes, such as to advise Plaintiff that Defendant is ceasing communications or notifying Plaintiff that Defendant is invoking a certain remedy, like credit reporting or filing a lawsuit.

15. Defendant received Plaintiff's certified letter correspondence on June 18, 2019.

16. Despite receiving Plaintiff's correspondence, Defendant made numerous additional calls to Plaintiff, including, but not limited to, June 19, 2019, June 26, 2019, July 5, 2019, July 18, 2019, July 24, 2019, August 7, 2019, August 15, 2019, August 23, 2019, September 5, 2019, September 11, 2019, September 19, 2019, September 24, 2019, October 1, 2019, October 8, 2019, October 15, 2019, October 22, 2019 and October 30, 2019, November 5, 2019, and

November 13, 2019. After at least one of these calls, Defendant left a pre-recorded message for Plaintiff to return its call.

17.     Additionally, on or about July 3, 2019, Defendant sent a new collection letter to Plaintiff again seeking payment for the same alleged, time-barred debt.  Defendant's letter to Plaintiff specifically stated:

> The law limits how long you can be sued on a debt. Because of the age of your debt, you cannot be sued for it. The current creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt has expired. Even if the statute of limitations is expired, you may choose to make payments on the debt. However, be aware that if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again.

18.     Recently, on or about January 17, 2020, Defendant sent a new collection letter to Plaintiff again seeking payment for the alleged, time-barred debt. This letter also stated that the debt had been placed in Defendant's office for collection and directed Plaintiff to make payment or to submit payment.

19.     Plaintiff has suffered injury in the form of statutory and actual damages resulting from these illegal collection communications by Defendant in the form of anger, anxiety, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

20.     Defendant violated §1692c(c) of the FDCPA by continuing its attempts to collect a debt from Plaintiff after Plaintiff notified Defendant in writing that Plaintiff refused to pay the alleged debt.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. At all times relevant to this action, upon information and belief, Defendant has owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and terminated telecommunications.

23. Within one year prior to the filing of this action, Defendant made multiple calls to Plaintiff's number "assigned to a . . . cellular telephone service" using an "automatic telephone dialing system" as defined in 47 U.S.C. § 227 (a)(l).

24. Within one year prior to the filing of this action, Defendant made multiple calls to Plaintiff's number using an artificial or prerecorded voice.

25. Upon information and belief, the artificial or prerecorded voice technology employed by Defendant when it called Plaintiff did not clearly identify Defendant nor did clearly state Defendant's telephone number or address.

26. Plaintiff has never provided Plaintiff's telephone number to Defendant's assignor for any purpose whatsoever.

27. Accordingly, Defendant never received Plaintiff's prior express consent to receive calls on her telephone "assigned to a . . . cellular telephone service" using an automatic telephone dialing system <u>or</u> to her telephone using an artificial or prerecorded voice pursuant to 47 U.S.C. § 227 (b)(l)(A).

28. Without prior consent the Defendant contacted the Plaintiff by means of automatic telephone calls at a number "assigned to a . . . cellular telephone service" in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

29. Defendant did not have an emergency purpose, as defined by 42 U.S.C. § 227

(b)(1)(A), for contacting Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system.

29. In the alternative, should the Court find that Plaintiff provided her express consent to Defendant or Defendant's assignor, Plaintiff effectively revoked her consent to be called when Defendant received Plaintiff's written communication on June 18, 2019.

30. After receiving Plaintiff's written June 14, 2019 communication, Defendant had no ability to continue communications with Plaintiff regarding the debt, except only for a single additional communication for the limited purpose to advise Plaintiff that Defendant is ceasing communications or notifying Plaintiff that Defendant is invoking a certain remedy.

31. Within one year prior to the filing of this action, Defendant called Plaintiff's cellular telephone no less than 19 times using an automatic telephone dialing system or an artificial or prerecorded voice in violation of the TCPA, 47 U.S.C. § 227 (b)(l)(A)(iii).

32. Upon information and belief, within one year prior to the filing of this action, Defendant willfully or knowingly violated the TCPA.

33. On multiple occasions, Defendant violated TCPA 47 U.S.C. § 22(b)(l)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice - to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call."

34. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Pursuant to 47 U.S.C. § 227(b)(3), if the court finds that Defendant willfully or knowingly violated 47 U.S.C. § 227 (b)(I)(A)(iii) the court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3) times the amount available under 47 U.S.C. § 227(b)(3)(B).

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of fifteen hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

39. The Plaintiff is entitled to damages as a result of the Defendant's violations.

**WHEREFORE**, Plaintiff, Doreen Rupert, respectfully prays that judgment be entered against Defendant, Credit Control, LLC, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages, pursuant to the FDCPA, 15 U.S.C. 1692k

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

d) Declaratory judgment that Defendant has violated the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202;

e) An injunction prohibiting Defendant from contacting Plaintiff using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

f) Actual damages pursuant to 47 U.S.C. § 227(b)(3)(B);

g) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

h) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(I), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

i) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
6699@paramount-law.net